RIDENORE v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1.    **Railroads**: DUTY TO FENCE: DAMAGES: INSTRUCTIONS.    An instruction which declares that it is the duty of a railroad company to erect and maintain lawful fences with gates therein, as required by statute, and until it does so, it is liable in double the amount of damages done to stock by its engines and cars, is too broad and general.    It should be qualified by the further statement that if the injury was occasioned by such failure to fence, the company would be liable.

2.    ———: INJURY TO STOCK: DAMAGES.    A recovery cannot be had for injury to stock done by the engine and cars of a railroad company where it has erected and maintained the fences and gates, required by law, at the place where the injury occurred, and where the evidence fails to show that the gate through which the stock entered upon the track was left open, or that, if it was, the company could, by the exercise of reasonable diligence, have known it, or that if left open and the company knew it, a reasonable time had elapsed, after it acquired such knowledge, in which to close it,

*Appeal from Daviess Circuit Court.*—HON. JNO. C. HOWELL,
Judge.
REVERSED.

*Wells H. Blodgett* and *Geo. S. Grover* for appellant.

There was a clear failure of proof in this action. The evidence showed that fences and gates had been erected, and that the gate through which the animals got upon defendant's track was closed and securely fastened by plaintiff himself, between sundown and dark on the evening preceding the night of the accident. *Harrington v. Railroad Co.*, 71 Mo. 386; *Fitterling v. Railroad Co.*, 79 Mo. 504. Even if the gate in question had been left open, there is no proof that defendant knew it, or that by the exercise of reasonable diligence could have known of it, or that a reasonable time had elapsed after the acquisition of such knowledge, or after the time at which such knowledge should have been acquired, in which defendant could have closed it. The record is barren of such evidence, and without it plaintiff was not entitled to recover. *Clardy v. Railway Co.*, 73 Mo. 578; *Case v. Railroad Co.*, 75 Mo. 670.

*Rush* for respondent.

EWING C.—This was a suit before a justice of the peace upon the following statement: Before Frank Ewing, justice of the peace, Union township, Daviess county, Missouri. Riley Ridenore, plaintiff, against Wabash, St. Louis and Pacific Railway Co., defendant.

Plaintiff states that defendant is and was, on and prior to the 4th day of September, A. D., 1880, a corporation duly organized and existing under the laws of the State of Missouri, and on said day was engaged in operating and running a certain railroad along and adjoining certain unenclosed lands in Union township, Daviess county, Missouri, that defendant had failed, and still on and after the date

aforesaid, failed to erect or maintain lawful fences on the sides of its said road, where the same passes along and adjoining said unenclosed lands, with openings and gates therein hung, having latches or hooks at the necessary farm crossing aforesaid.

That on said day two certain mules belonged to plaintiff, by reason of such failure to erect and maintain such fences, strayed from said unenclosed lands and got upon the track of said railroad, and whilst so upon said track, said mules were struck and injured by the engine and cars, then and there being run over upon and along said railroad by the defendant, whereby said mules were bruised, cut and injured, to the damage of plaintiff, in the sum of $150, wherefore he prays judgment for $300, being double the amount of his said damages and for costs."

Verdict and judgment for plaintiff, and appeal to the circuit court.

On the trial in the circuit court the plaintiff offered evidence tending to prove, that he was working his mules on the day the accident happened, on the north side of defendant's railroad; that at the close of the day's work he took his mules from the unenclosed lands on the north side of the railroad, through the gates in the fences, of defendant to the south side of defendant's railroad, and then turned said mules loose to graze on the unenclosed lands on the said south side, a little before sundown; that said gates were shut when he came to them; that after turning the mules loose, plaintiff went back through the gates in said railroad fence between sundown and dark, and that after passing through the gates, the plaintiff securely fastened the same; that at about ten o'clock that night, said mules were struck and injured, as stated in the complaint; that plaintiff at once went to the south gate and found the same sufficiently open to permit his mules to pass through the same, and that he tracked said mules through said gate and on to the right of way and track of defendant, to the point where they were struck

and injured; that said gates were not at a public or farm crossing, but that the way through said gateway was used by parties hauling ties and timber across defendant's right of way; that said gate was not hung nor did it have latches or hooks, but was a sliding gate, and was so constructed, that to open it when closed as plaintiff left it, one would have to lift and slide back on the slats nailed across a double post, until the end of the plank passed the post and then open it; that this gate when found that night after the injury occurred, was open towards defendant's track, it being constructed to open that way. Said sliding gates were not so secure, and were more easily opened than gates constructed with hooks and latches; that a hog might easily root open the gate, and that when so opened, a horse or mule might then push it around and get in on the track. This was all the evidence.

Thereupon, the court gave the following instruction at the request of plaintiff:

1.   The court declares the law to be, that the defendant was bound to erect and maintain lawful fences on the sides of its road where the same passes through or along unenclosed lands, with openings and gates therein to be hung, and have hooks or latches at all necessary farm crossings, sufficient to prevent horses, mules, cattle, and other animals from getting on the railroad; or until such fences are made and maintained, the defendant is liable in double the amount of damages done to horses, mules, etc., by its engines and cars.

This instruction is too broad and general in its scope.

It does not go far enough. It should have been qualified by the further statement, that if the killing or injury was occasioned by the failure to construct or maintain such fences, the defendant would be liable.

The defendant upon its part then prayed the court to declare the law as follows :

1.   Under the statement and the evidence the plaintiff cannot recover.

2. If the court believe that plaintiff's mule strayed upon the defendant's railroad through an open gate, the finding must be for defendant, there being no evidence that said gate was open through the negligence of the defendant.

Under the ruling in *Harrington v. C., R. I. & P. R. R. Co.*, 71 Mo. 384, and in *Fitterling v. Mo. P. R'y Co.*, 79 Mo. 504, the defendant's first instruction should have been given. The evidence clearly showed that the defendant did erect and maintain a fence at the place where the injury occurred; and that it did maintain a gate at a private crossing, which was constructed so as to form a section of the fence when closed. The evidence showed that the plaintiff himself closed this gate, and that it was open when he went to examine it, after the mules were injured. That evidence failed to show that the gate was left open, or that defendant, by the exercise of reasonable diligence, could have known it if it was; or that if left open, or if defendant knew it, that a reasonable time had elapsed, after the acquisition of such knowledge in which to close it. *Clardy v. St. L., I. M. & S. R. R. Co.*, 73 Mo. 576.

By authority of the two last cases cited, the defendant's second instruction should have been given.

The judgment of the circuit court must be reversed, and the cause remanded. Which is so ordered. All concur, except Norton and Sherwood, JJ., absent.