JOHN A. MCMILLAN, Respondent, v. CHICAGO, MIL-
WAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

Railroads: KILLING STOCK: KNOWLEDGE OF DEFECT IN GATE: JURY:
EVIDENCE: HARMLESS ERROR. Where the defect in a gate in a rail-
road fence is coexistent with the construction of the gate in the first
instance, defendant can not be heard to say it had no knowledge of
such defect, and the demurrer to the evidence can not be sustained;
and, on the evidence in this case it was rightly sent to the jury; and
this, too, notwithstanding the admission of incompetent evidence as
to the condition of the gate subsequent to the killing of the stock.

*Appeal from the Livingston Circuit Court.*—HON. E. J.
BROADDUS, Judge.

AFFIRMED.

*Davis, Loomis & Davis* for appellant.

(1) Refused instructions numbered 3 and 4 in the
nature of a demurrer to the evidence should have been
given. *Laney v. R. R.*, 83 Mo. 466; *Fitterling v. R'y*,
79 Mo. 504; *Ridenore v. R'y*, 81 Mo. 227; *Townsley v.
R'y*, 89 Mo. 31; *Young v. R. R.*, 82 Mo. 427; *Foster v.
R. R.*, 44 Mo. App. 11; *Clardy v. R. R.*, 73 Mo. 576;
*Harrington v. R. R.*, 71 Mo. 384; *Morris v. R. R.*, 79
Mo. 367; *Chubbock v. R. R.*, 77 Mo. 591, 593, 594.
(2) There is no evidence of any defect in the gate or
fastening, nor that after having knowledge of such
defect defendant failed to repair it in a reasonable time
thereafter; and there is no evidence that such defect
had existed for such a length of time before the acci-
dent that the company could, by the exercise of reason-
able diligence, have acquired knowledge of it and

repaired it. *Ridenore v. R'y*, 81 Mo. 227; *Townsley v. R'y*, 89 Mo. 31. (3) There is no evidence whatever that the gate came open by reason of any defect in the fastening of the gate. *Laney v. R. R.*, 83 Mo. 466, 472. (4) The defendant is not guilty of negligence in failing to discover a defect in the fastening, which the plaintiff, by the daily use of the gate from the time of its construction, could not and did not discover. *Laney v. R. R.*, 83 Mo. 466, 472; *Fitterling v. R'y*, 79 Mo. 504, 508. (5) There is no evidence that there was any defect in the fastening at all prior to the accident. (6) From 5:15 P. M. until 1 o'clock of the same night is not a reasonable time within which the defendant should have discovered that the gate was open, if it was open. And refused instructions numbered 11, 12, 13, 15, 16, and 18, should have been given. *Box v. R. R.*, 58 Mo. App. 359; *Ridenore v. R'y*, 81 Mo. 227. (7) The fact that the animals could have put their heads through an opening in the gate, and could have pulled or shaken the gate open is no evidence that the gate or fastening was defective, and is insufficient to sustain a verdict for damages. And refused instructions numbered 6, 8, and 19, should be given. *Fitterling v. R'y*, 79 Mo. 504, 509; *Bothwell v. R'y*, 59 Iowa, 192; s. c., 7 Am. and Eng. R. R. C. 570.

*R. R. Kitt* and *Frank Sheetz* for respondent.

(1) The court was right in refusing defendant's instructions numbered 3 and 4. The evidence shows that the gate and fastenings were not a statutory gate. (2) The evidence of plaintiff's witness as to condition of fastenings and tests made, show that it was liable to come open on the slightest shaking or jar. This fastening was, in the language of the court in 27 Mo. App. 432, a "mere excuse." Defendant's negligence

extended from the beginning. There has not been an hour in the history of this gate that its existence has fulfilled the requirements of the law. This is negligence. (3) The defendant was not entitled to notice, having never constructed a statutory gate. *Duncan v. R'y*, 91 Mo. 67; *Miller v. R. R.*, 56 Mo. App. 72. (4) The case at bar is governed by *Freet v. R'y*, 63 Mo. App. 548.

SMITH, P. J.—This is an action that was brought before a justice of the peace to recover damages for injury to stock. The statement contained two counts, the first of which was bottomed on section 2611, Revised Statutes, and the other on sections 2612 and 2613, Revised Statutes.

STATEMENT.

It appears from the evidence that plaintiff's stock were in a pasture which was inclosed on the north side by the defendant's railroad fence. It also tends to show that the plaintiff's stock escaped from said pasture through a farm-crossing gate and from thence they entered upon the defendant's track where they were struck and injured by one of its passing trains. It is, in effect, conceded that about the only question in the case was whether the gate and its fastenings were defective and that in consequence thereof the plaintiff's stock escaped through the same onto defendant's right of way and were there injured.

The statute, section 2611, requires that every railroad corporation operating a railroad in this state shall erect and maintain lawful fences on the sides of its road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates therein to be hung and have latches or hooks so that they may be easily opened and shut, etc. It appears further from the evidence that up to within one or two months of the

McMillan v. C., M. & St. P. R'y Co.

time the plaintiff's stock were injured that the defendant had but perfunctorily performed the duty enjoined upon it by the statute in respect to the gate in question, for such gate until then was a mere sliding gate. The plaintiff at the time just referred to, with the permission of defendant, converted this sliding gate into a hanging gate. He hung it on hinges and put in a half post to strengthen that to which it fastened when closed. Some time after this the defendant placed a hook on the gate, using a wire to fasten the same. A wire was so twisted around the post, against which the gate closed, as to form a loop which was made to do duty as a staple. There was no staple in the post. This unique contrivance was substituted for that required by the statute. The fastening of the gate had a play of two or three inches up and down. The gate would fly open by the force of the wind or other slight pressure. The bottom board of the gate was broken off. There was a space of fourteen to sixteen inches between the upper board and the next one to it and through which stock could easily put their heads. Manifestly a gate so defectively constructed did not meet the statutory requirement.

The defendant, so far as the record before us discloses, has, from the date of the construction of its railroad, continuously neglected the performance of its statutory duty in respect to this gate; and this being so it is quite difficult to see how the question of fact most discussed by the defendant, namely, whether it had knowledge of the defective gate and refused to repair the same within a reasonable time thereafter, could properly arise in the case. This case is not like those referred to, and of which *Fitterling v. Railway*, 79 Mo. 504, is a type, where it is held that a railway company is not liable for injuries to stock

RAILROADS: killing stock: knowledge of defect in gate: jury: evidence: harmless error.

escaping through a defective gate and going upon its track without proof that it knew of the defect, for here the defect was coexistent with the construction of the gate in the first instance and hence defendant can not be heard to say it had no knowledge of such defect.

As was said by us in the analogous case of *Freet v. Railroad*, 63 Mo. App. *loc. cit.* 554: "We think the facts and circumstances disclosed by the evidence were sufficient to justify the inference by the jury that the plaintiff's horses escaped through the defendant's gate and that they would not have done so, had it not been for the failure of defendant to maintain such gate in the condition required by the statute. Indeed, there is but one conclusion to be drawn from the evidence and that is that the gate got open for want of sufficient fastening."

We are of the opinion the evidence was ample to justify the submission of the case to the jury and that the court did not err in its action disallowing the defendant's several demurrers. It was perhaps not proper to permit the witnesses to testify in relation to the condition of the gate two or three days after the injury happened (*Meade v. Railway*, 68 Mo. App. 92), but since there was other unobjectionable evidence tending to prove the condition of the gate up to the time of the injury, we do not think this sufficient to authorize us to disturb the plaintiff's judgment and especially so since we further think it was clearly for the right party. The case appears to have been fairly tried and the judgment will, accordingly, be affirmed. All concur.