DENNIS KAVANAUGH et al., Respondents, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. Railroad Corporation: DUTY TO FENCE RIGHT OF WAY: INSTRUCTIONS: NECESSARY FARM CROSSING: DOUBLE DAMAGES.  In an action for damages against a railroad company for stock killed by reason of the failure of railroad company to maintain statutory fence, the following instructions to the jury were approved as presenting the law in the case:  "The court instructs the jury that it is the duty of the defendant to erect and maintain lawful fences on the sides of its road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed land, with openings and gates therein to be hung and to have latches or hooks so that they may be easily opened and shut at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such road, and until such fences and gates are erected and maintained the defendant is liable in double the amount of damages done to horses, mules, cattle and other animals, by its agents, engines or cars, escaping and entering upon said road from adjoining inclosures of landowners.   And if the jury believe from a fair preponderance of the evidence that the defendant's railroad runs through and along plaintiffs' inclosed farm lands in Greensburg township, Knox county, Missouri, and that there was a necessary farm crossing of defendant's railroad on said farm of plaintiffs, and on or about the 15th day of September, eighteen hundred and ninety-seven, six of plaintiffs' cows escaped and entered from their inclosures upon defendant's road at said farm crossing on account and by reason of defendant's failure to erect and maintain a gate at said farm crossing hung, and with latch or hook so that it could be easily opened and shut, and four of plaintiffs' said cows were by reason thereof then and there struck and killed, and two of them injured by defendant's engine and cars on its said road, they will

find for the plaintiffs the actual amount of damages they have sustained by reason of such killing and wounding of their cows as aforesaid not to exceed the sum of two hundred and twenty dollars."

2. ———: ———: STATUTORY CONSTRUCTION: FARM CROSSING: MIXED QUESTION OF LAW AND FACT. It is undoubtedly true that the *necessity* for a farm crossing is a mixed question of law and fact, and that ordinarily it is error to submit such a question, without giving the jury some guide in determining it, but in the case at bar the defendant neither by its evidence nor instructions put in issue the necessity for the crossing.

*Appeal from the Knox Circuit Court.*—Hon. Edwin R. McKee, Judge.

Affirmed.

Transferred to supreme court.

Gardiner Lathrop, S. W. Moore, L. F. Cotty for appellant.

The petition failed to allege that the crossing in controversy was a necessary farm crossing. This was a fatal defect and the court erred in not sustaining defendant's objection to the introduction of any evidence under it. Miller v. R. R., 56 Mo. App. 72, 78; Freet v. R. R., 63 Mo. App. 548, 554. The court erred in giving instruction number 1 in behalf of the plaintiffs, wherein the question as to whether the farm crossing was a necessary one, was left to the jury without any rules to guide them in determining that fact. Miller v. R R., 56 Mo. App. 72, 78; Freet v. R. R., 63 Mo. App. 548, 555. The court erred in refusing to give a peremptory instruction in favor of the defendant, and in failing to give the other instructions and each of them requested by the defendant.

G. R. BALTHORPE and M. P. BALTHORPE for respondents.

There is no point in defendant's counsel's claim that defendant had no knowledge of the draw-bar or gate being in such a condition that it couldn't be opened and shut by persons going through the same without great difficulty and that such persons were liable on that account to leave the bars or gate open, for it had been in that condition for years prior to the killing of plaintiffs' cows, and had never been constructed in the first instance as a statutory gate, and had often been found open, and defendant's agents and servants frequently passed through the same whilst it was in that condition. Miller v. R. R., 56 Mo. App. 72; Duncan v. R. R., 91 Mo. 67. The court did not err in refusing to sustain defendant's objections to the introduction of evidence on account of the petition not alleging that the farm crossing was necessary, nor in submitting the questions to the jury of the necessity of the crossing, because the evidence fully discloses the necessity of the crossing, and that the crossing had been constructed many years before the killing of the stock. Freet v. R. R., 63 Mo. App. 555; Keyes v. Bank, 52 Mo. App. 321. The court did not err in refusing plaintiffs' instruction at the close of the evidence directing the jury to find for the defendant, because the evidence had fully developed facts sufficient for the jury to find a verdict thereon for the plaintiffs. And the court did not err in refusing the instructions offered by the defendant, numbers 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 because none of these instructions are predicated or based upon the facts in the case as disclosed by the evidence. That it was not as convenient for Miller as if hung on hinges and fastened with a latch, as required by the statute, was a matter

of which no one but he (Miller) could complain. That Miller, without the consent of the company, left the gate open, and in consequence thereof the mare got upon the track does not render the defendant liable. In the case of Vingard v. R. R., 80 Mo. 92, cited by appellant's counsel, the questions involved were the liability of the defendant for the killing of a cow that went upon defendant's right of way through a gap in defendant's fence. The fence in the first instance had been properly erected, and some one had, just prior to the killing of the cow, sawed this gap in the fence; and the question was whether defendant had been negligent in repairing the fence. The difference in that case from the one at bar is that in that case the defendant in the first place constructed a statutory fence, and it could not, on that account, be charged with negligence for the acts of others unless it had an opportunity to discover the gap in the fence. The court in rendering its decision in that case, at page 93, says: The defendant, however, is not liable for injuries to stock occasioned by defects in fence erected by it originally sufficient, unless it had notice of defects or might have known them if it had used due care in maintaining the fence, clearly indicating that if the fence had not been originally a sufficient fence the holding of the court would have been different in that case. Fitterling v. R. R., 79 Mo. 504.

BIGGS, J.—The statute provides that "every railroad corporation formed or to be formed in this state, and every corporation to be formed under this article, or any railroad corporation running or operating any railroad in this state, shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated

STATUTE.     fields or uninclosed lands, with openings and gates therein, *to be hung* and have latches or hooks, *so that they may be easily opened and shut, at all necessary farm crossings of the road,* for the use of the proprietors or owners of the land adjoining such railroad  *  *  *  and until openings, gates, etc.  *  *.  *  as aforesaid shall be made and maintained, such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road." (Sec. 2611, R. S. 1889.) In 1887 the defendant located and built its roadbed through the plaintiff's farm. The portion of the land south of the railroad is used for the pasturage of live stock. The dwelling house and barn are situated on the north side of the track. At a point opposite the house and barn the defendant constructed, and since 1887 has maintained, a farm crossing leading from the barn lot into the pasture. It put up at this crossing "sliding gates," that is gates hung at one end on wooden cleats nailed to double posts and fastened to posts at the other end by means of hooks and staples. About six o'clock on the afternoon of September 14, 1897, Dennis Kavanaugh, one of the plaintiffs, drove their milch cows over this crossing from the pasture into the barn lot. He testified that he securely fastened both gates. About seven o'clock the next morning six of the cows escaped through the north

EVIDENCE.     gate (which at that time was open) onto the railroad track, where they were struck by an engine. Four of the animals were killed and two were crippled. The plaintiffs brought the present suit for double damages, alleging in their petition a violation of the foregoing section of the statute, in that defendant had failed to construct and maintain statutory gates at the crossing, and that by

reason thereof the plaintiff's cows escaped upon the railroad track. There is no satisfactory evidence as to how the gate was opened. One of the plaintiffs gave it as his opinion that it could not have been opened by the action of the wind or by stock rubbing against it, and that some one must have passed through during the night or early morning and left it open. There was evidence that the crossing was used by persons living in the neighborhood, and also that the section men at work on defendant's road and tramps passing along the railroad were in the habit of going through the gates. There was also evidence that the gates were very heavy and were hard to open and shut. Upon this state of the proof the defendant asked that the plaintiffs be nonsuited. This the court refused to do.

At the instance of the plaintiffs the court gave the following instruction:

"The court instructs the jury that it is the duty of the defendant to erect and maintain lawful fences on the sides of its road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed land with openings and gates therein to be hung and to have latches or hooks so that they may be *easily opened and shut* at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such road, and until such fences and gates are erected and maintained the defendant is liable in double the amount of damages done to horses, mules, cattle and other animals, by its agents, engines or cars, escaping and entering upon said road from adjoining inclosures of

INSTRUCTIONS. landowners. And if the jury believe from a fair preponderance of the evidence that the defendant's railroad runs through and along plaintiff's inclosed farm lands in Greensburg town-

ship, Knox County, Missouri, and that there was a *necessary* farm crossing of defendant's railroad on said farm of plaintiffs, and on or about the 15th day of September, eighteen hundred and ninety-seven, six of plaintiff's cows escaped and entered from their inclosures upon defendant's road at said farm crossing on account and by reason of defendant's failure to erect and maintain a gate at said farm crossing hung and with latch or hook so that it could be *easily opened and shut*, and four of plaintiffs' said cows were by reason thereof then and there struck and killed, and two of them injured by defendant's engine and cars on its said road, they will find for the plaintiffs the actual amount of damages they have sustained by reason of such killing and wounding of their cows as aforesaid not to exceed the sum of two hundred and twenty dollars."

The jury found the issues for the plaintiffs and assessed the damages at the sum of $220. The court entered judgment for double the amount. The defendant has appealed.

If the plaintiffs were entitled to have the case go to the jury, unquestionably it was fairly submitted by the foregoing instruction. Concerning the sufficiency of the appliances for fastening the gate when closed there is no complaint. It is conceded that the gate was securely fastened late in the afternoon of the fourteenth and one of the plaintiffs gave it as his opinion that the gate could not have been opened by the action of the wind or by stock rubbing against it. The facts in evidence clearly show that some one passed through the gate during the night and left it open. As the cattle escaped onto the track before it was possible for the servants of the defendant to be advised of the danger, the liability of the defendant (if any) must rest on the fact that the gate was not (a "statutory"

one) constructed in compliance with the statute and that by reason of this it was left open, thereby causing the injury. The statute says that gates at farm crossings must be hung so that they may be easily opened and shut. It is not an unfair construction to say that the legislature contemplated that they should be hung on hinges, as that is the usual way. But we do not deem this requirement essential or material. The important requirement is that such a gate should be hung in a way that it may be easily closed, the purpose being to minimize the danger arising from the negligence or failure of persons passing through the gate to close it.

Here the evidence tended to show that the gate was constructed of plank sixteen feet long; that it was very heavy; that it had been allowed to get out of repair so that it sagged, and that for these reasons it was difficult to open and close it. Some of the witnesses said that only a man could open and close it. Others thought that a strong boy could do it. This entitled the plaintiff to the judgment of the jury as to whether the gate was constructed according to the statutory requirements. It is insisted that the instruction is erroneous in requiring the jury to determine whether the crossing was a necessary crossing, without stating to the jury the conditions which would make a crossing at that particular place necessary.

It is undoubtedly true that the *necessity* for a farm crossing is a mixed question of law and fact, and that ordinarily it is error to submit such a question, without giving the jury some guide in determining it, but in the case at bar the defendant neither by its evidence nor instructions put in issue the necessity for the crossing. In 1887 it constructed the crossing and it has maintained it ever since, and if the question had been properly submitted there is no reasonable ground to suppose that the

FARM crossing: necessity of.

finding would have been different. Indeed the circuit court would have been justified in assuming in its instructions that the crossing was necessary. Freet v. R. R., 63 Mo. App. 549. Judge BOND concurs; Judge BLAND dissents and is of the opinion that the decision is opposed to the decisions of the supreme court in the following cases: Harrington v. R. R., 71 Mo. 384; Fitterling v. R. R., 79 Mo. 504; Binicker v. R. R., 83 Mo. 660. The judgment will therefore be affirmed and the cause certified to the supreme court for final determination.