SAMUEL E. SMITH, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 29, 1908.**

1. **RAILROADS: Gates: Killing Stock: Evidence.** The evidence relating to the construction and fastenings of a gate is reviewed and held sufficient to send to the jury the question whether the gate was sufficient under the law. [Cases reviewed.]

2. ———: ———: ———: **Instruction.** Where there is no controversy about a matter it is not error in an instruction to assume that matter, as, for instance, the necessity of a farm crossing.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*Martin L. Clardy* and *Edw. J. White* for appellant.

(1) The court erred in giving the instruction, covering the whole case, on plaintiff's part, as such instruction, on different vital issues in the cause, contained numerous improper assumptions and illegal charges to the jury. Harrington v. Railroad, 71 Mo. 386; Rowen v. Railroad, 198 Mo. 654; Rowen v. Railroad, 82 Mo. App. 27; Stumpe v. Railroad, 61 Mo. App. 357; Duerst v. Stamping Co., 163 Mo. 624; Haynes v. Trenton, 108 Mo. 130; Robertson v. Railroad, 152 Mo. 392; Fitterling v. Railroad, 79 Mo. 504; Jones v. Railroad, 59 Mo. App. 141; Cole v. Railroad, 47 Mo. App. 624; Laney v. Railroad, 83 Mo. 466; Railroad v. Kavanaugh, 163 Mo. 54; Francis v. Railroad, 118 Mo. App. 435; Rowen v. Railroad, 198 Mo. 654. (2) The court erred in refusing the defendant's peremptory instruction to find the issues for the defendant, asked at the close of the plaintiff's evidence and again at the close of the whole case. Francis v. Railroad, 118 Mo.

App. 436; Railroad v. Kavanaugh, 163 Mo. 54; Rowen v. Railroad, 198 Mo. 654.

*Thomas & Hackney* for respondent.

(1) The trial court committed no error in giving to the jury the instruction asked by the plaintiff and given by the court. Roberts v. Railroad, 119 Mo. App. 272; Freet v. Railroad, 63 Mo. App. 548; Miller v. Railroad, 56 Mo. App. 72. (2) The instructions given on behalf of the defendant were as favorable to the defendant as it was entitled to and fully covered every phase of its defense; and taken in connection with the instruction given for the plaintiff, fairly submitted the issues involved to the jury. (3) The point made by counsel for defendant that the court should have peremptorily instructed a verdict for the defendant on the evidence as will appear by reading the testimony of the witnesses is unworthy of the court's attention.

BROADDUS, P. J.—This action was commenced before a justice of the peace for double damages, for the alleged killing of plaintiff's mare by the engine and cars of defendant at a place where it was claimed the defendant had failed to construct and maintain a gate with secure fastenings at a necessary farm crossing of its road on the farm of A. L. Thomas which plaintiff had in his possession as tenant.

Plaintiff's testimony tended to show that he was living on the farm mentioned, it all being enclosed land; that the road runs nearly east and west through the farm; that the house and pasture is on the south side of the railroad and about 180 acres lies on the north side of it; that the defendant company had constructed a farm crossing near the east line of the farm so as to afford access from one part of the farm to the other; that the gates were constructed in two panels, each fastened by hinges on posts and opening from the cen-

ter; that the two sections did not come together, but there was a space between of about two inches; that there were no hooks or latches but that the gate was fastened when closed by a pine board about an inch thick, about five inches wide, and about two feet long which was inserted in one panel of the gate to be shoved through the other panel; that there was a stob of wood driven into the ground for the sections of the gate to rest against; that some six or eight weeks before plaintiff's mare was killed this stob became loose and in some degree was worked out of the ground, which left the gate insecurely fastened; that plaintiff notified defendant's section foreman of the condition of the gate, and that he made some repairs on it but did not replace the stob; that it was shown by persons who had occasion to pass through the gate that the wind would work it open when the stob was absent; that on the afternoon before the mare was killed the gate was closed with the pine board to secure it; that there was wind on the night the mare was killed; that the mare was turned into the pasture at the close of the day; that in the morning she was missing; that the gate was found open; that there were marks on the track and other evidence that she had been struck by defendant's engine and killed at a trestle; and that she was of the value of $135. And there was no evidence that persons were in the habit of passing through and leaving the gate open but on the contrary plaintiff endeavored to keep it closed. The defendant's witnesses testified that they had tried the gate when the board was in place, that it acted as a brace and that the wind could not open it by working the panels back and forth. At the close of the plaintiff's testimony and at the close of all the testimony the defendant asked the court to direct the jury to return a verdict in its favor which the court refused. The judgment was for the plaintiff and defendant appealed.

The principal point relied upon for a reversal is

that under the evidence the plaintiff was not entitled to recover. Defendant likens the case to that of Francis v. Railroad, 118 Mo. App. 436. The evidence in that case was that the gate was fastened by a wire which the plaintiff concluded was not sufficient for the purpose and put one on himself that he thought would answer the purpose. The gate was closed at noon but later in the day it was seen by a neighbor to be open, but he did not shut it. On the same night plaintiff's mare passed through. The court held that there was no evidence that defendant's servants knew the gate was open; and it could not be said as a matter of course, that the gate being open at the hour of five o'clock was long enough before the killing that night for the law to imply notice to the defendant that it was open. The cases are entirely different and the principle of law in the one has no application to the other.

The case of Rowen v. Railroad, 198 Mo. 654, which was certified from this court holds that in such cases the plaintiff is not entitled to recover unless he shows that the railroad was not only negligent in failing to erect and maintain a gate such as the law required, but also that the injury to his stock was the result of such failure. In other words that the result was the proximate cause of the injury. . We do not think the case has any application as there was evidence not only that the gate was not such as the law required, but that it came open because it was not secure and the injury resulted from the neglect of the defendant in that particular. [McMillan v. Railroad, 70 Mo. App. 568.]

Defendant assigns as error the assumption by the court in the instruction given for plaintiff, that the crossing was a necessary farm crossing. As there was no controversy as to that matter and it seemed to be so conceded there was no error in the instructions. The undisputed evidence was that there was no other cross-

ing, that the land in question was divided by defendant's track in such a manner that the owner or his tenant could not go from one portion to the other unless such crossing was provided, the legal implication arose that one was necessary.    Other objections are raised to the instruction but we do not believe that they are well taken.

Upon the whole the case was well tried and the judgment being supported by sufficient evidence it is affirmed.    All concur.